UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMANDIE S BURGOS,<br>　　　　Petitioner,<br>　　v.<br>PATRICK COVELLO,<br>　　　　Respondent. | Case No. 23-cv-01077-NC<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF 1 ("Pet.").  For the reasons set forth below, the Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the Petition, Petitioner was sentenced to a term of 255 years after being convicted of twenty-six counts of California Penal Code § 288(c)(1); eight counts of California Penal Code § 288a(c)(2)(C); six counts of California Penal Code § 288a(b)(2); five counts of California Penal Code. § 286(b)(2); four counts of California Penal Code § 286(b)(1); and two counts of California Penal Code § 288a(b)(1).  *See* Pet. at 1-2.

Petitioner's conviction was largely affirmed on appeal, except six unidentified

---

[1] Petitioner has consented to magistrate judge jurisdiction.  ECF 4.

1  counts were reversed. *Id.* at 3. The California Supreme Court denied his petition for
2  review. *Id.*

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claim

Petitioner alleges one claim in his petition for writ of habeas corpus: trial counsel provided ineffective assistance of counsel when he or she "conceded appellant's guilt of the non-forcible sex crimes charged without appellant's consent and contrary to appellant's own trial testimony." Pet. at 5. Liberally construed, a Sixth Amendment claim is cognizable in a federal habeas proceeding.

## CONCLUSION

For the foregoing reasons:

1.  The Clerk shall serve electronically a copy of this order and a Magistrate Judge jurisdiction consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The Petition is available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. On or before **February 5, 2024**, Respondent must file with the Court and serve on Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent must file with the Answer and serve on Petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the Petition.

3. If Petitioner wishes to respond to the Answer, he must do so by filing a Traverse with the Court and serving it on Respondent's counsel **within thirty (30) days** of the date the answer is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. **<u>Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).</u>**

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: December 5, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge